IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John William Youngless,                          Case No. 3:11 CV 36

                              Plaintiff,         MEMORANDUM OPINION
                                                 AND ORDER
              -vs-
                                                 JUDGE JACK ZOUHARY
David Soldono, et al.,

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff John William Youngless filed this action under 42 U.S.C. § 1983 against David Soldono, David Longo, Barry Bova and Russell Leffler.  Defendants are a sergeant at the Huron County Jail, a county prosecutor, a public defender and a private attorney, respectively.

## BACKGROUND

Plaintiff was indicted in Huron County for heroin trafficking in violation of R.C. 2925.03. *State v. Youngless*, Case Nos. 20100878, 20100920.  Plaintiff alleges that he is being deprived of his Sixth Amendment rights because of "preaccusation," ineffective assistance of counsel and denial of speedy trial.  In addition, he sent a letter asserting that a jail nurse has refused to give him his medication.

## DISCUSSION

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997).  For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

The Huron County Common Pleas Court docket shows that Plaintiff's cases are still pending. He pleaded guilty and will be sentenced on March 23, 2011.  A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971).  Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

All three factors supporting abstention are present in this case.  The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest.  *See Younger*, 401 U.S. at 44–45.  Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state courts.  Consequently, this Court is required to abstain from intervening in the state court proceedings.

Plaintiff filed a letter complaining that a nurse has refused to give him his medication. Because the nurse is not a party, nor has Plaintiff alleged involvement with the jail sergeant, this claim also fails.

### CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e).  This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 22, 2011

2